IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
EASTERN DIVISION

**GABINO RAMOS HERNANDEZ**                                                                  **PLAINTIFF**

**v.**                                              **CIVIL ACTION NO. 2:17-cv-123-KS-MTP**

**PHILLIP CAUSEY, ET AL.**                                                     **DEFENDANTS**

<u>**ORDER**</u>

THIS MATTER is before the Court on Plaintiff's Motion to Compel [56]. Having considered the parties submissions, the record, and the applicable law, the Court finds that the Motion [56] should be granted in part and denied in part.

Plaintiff filed this action on July 20, 2017. *See* Complaint [1]. Plaintiff alleges that on July 20, 2016, Defendant Phillip Causey and other Immigration and Custom Enforcement Agency ("ICE") officers responded to a request from Laurel, Mississippi, police officers to assist with translating Spanish in connection with a traffic stop of two Hispanic individuals, including Plaintiff. *See* [1]; Amended Complaints [5] [20]. Plaintiff alleges that Defendant Causey arrived at the scene and wrongfully shot him. *Id*. Plaintiff asserts that Causey violated his constitutional rights and committed tortious conduct under state law. *Id*. Plaintiff also asserts claims under the Federal Tort Claims Act against the United States for negligent training and supervision and for allowing Causey to utilize pretext to conduct illegal stops and seizures without probable cause or reasonable suspicion. *Id*.

On April 1, 2020, Plaintiff served his first set of interrogatories on the United States. *See* Notice [43]. On July 28, 2020, the government served its responses. *See* Notices [53]. That same day, the Court conducted a telephonic conference with the parties concerning disputes arising from the interrogatories and responses. The parties were unable to resolve their disputes. Thus, on August 6, 2020, Plaintiff filed the instant Motion [56], requesting that the Court compel

1

the government to provide complete answers to certain interrogatories. Specifically, Plaintiff seeks complete answers to eight interrogatories, which the Court will group into three categories: Reports, ICE Operation, and Authority for Actions.

*Reports*

Four of the interrogatories seek the identities of individuals who prepared specifically identified documents and the sources of the information contained in the documents.

> **Interrogatory No. 2:**  Please identify the individual who prepared the . . . ICE Significant Incident Report [submitted on July 21, 2016] and the source of the facts and information contained therein.
>
> **Interrogatory No. 3:**  Please identify the individual who prepared the Department of Homeland Security, Office of Inspector General, Report of Investigation, I16-ICE-BLX-15750 . . . and the source of all facts and information contained therein.
>
> **Interrogatory No. 10:**  Please identify the individual who sent the email of July 20, 2016, 11:08 PM . . . and the source of the information provided therein.
>
> **Interrogatory No. 12:**  Please identify the individual who prepared the Department of Homeland Security Immigration and Customs Enforcement Report of Investigation, No. 001, partially entitled "IMMGRTN ENF AGT 0402 Intentional Discharge of Service Weapon (minor injury), Laurel, Jones, MS" and the source of all facts and information contained therein . . . .

Concerning the identities of the individuals who prepared the subject reports and email, the government, in its Response [60], asserts that it has provided this information in response to Interrogatories Nos. 2, 10, and 12. As for Interrogatory No. 3, however, the government argues that the law enforcement privilege shields the name of this individual.

The law enforcement privilege is a "qualified privilege protecting investigative files in an ongoing criminal investigation." *In re U.S. Dept. of Homeland Sec.*, 459 F.3d 565, 569 (5th Cir. 2006). When considering whether this privilege applies, courts balance "the government's interest in confidentiality against the litigant's need for the documents." *Coughlin v. Lee*, 946

F.2d 1152, 1160 (5th Cir. 1991). In particular, courts consider the *Frankenhauser* factors. *Id*. at 570 (citing *Frankenhauser v. Rizzo*, 59 F.R.D. 339 (E.D. Pa. 1973)).

The *Frankenhauser* factors include: (1) the extent to which disclosure will thwart government processes by discouraging citizens from giving the government information; (2) the impact upon persons who have given information of having their identities disclosed; (3) the degree to which governmental self-evaluation and consequent program improvement will be chilled by disclosure; (4) whether the information sought is factual data or evaluative summary; (5) whether the party seeking discovery is an actual or potential defendant in any criminal proceeding either pending or reasonably likely to follow from the incident in question; (6) whether the police investigation has been complete; (7) whether any interdepartmental disciplinary proceedings have arisen or may arise from the investigation; (8) whether the plaintiff's suit is non-frivolous and brought in good faith; (9) whether the information sought is available through other discovery or from other sources; (10) the importance of the information sought to the plaintiff's case. *Id*.

In support of its argument, the government submitted a declaration from Darcia Rufus, an Assistant Counsel to the Inspector General, which states in part:

> For disclosure requests, it is DHS OIG's policy to assert the law enforcement privilege over the names of OIG investigative employees who are GS-14s and below, which include Special Agents (SAs) and Assistant Special Agents-in-Charge (ASACs). By applying redactions to investigative personnel who are GS-14 and below, OIG is able to protect its law enforcement function by protecting the agents from unwanted harassment based on their positions and ensuring that the release of their names will not have an adverse effect on OIG's investigative abilities.

*See* Declaration [60-1].

The Court finds that the Department of Homeland Security's policy, without more, is insufficient to justify application of the law enforcement privilege in this situation. The

government does not specifically address the *Frankenhauser* factors and fails to explain why this specific individual would be subjected to undue harassment or explain why the release of his or her name would have an adverse effect on any investigation.  On the other hand, Plaintiff explains his need for the information.  According to Plaintiff, the report describes events which transpired immediately prior to and during the shooting, and information concerning how and from where this information was gathered may be important to Plaintiff's claims.  The Court finds that the *Frankenhauser* factors weigh in favor of compelling the United States to disclose the information in question.  Thus, the government is hereby directed to identify the individual who prepared the Department of Homeland Security, Office of Inspector General, Report of Investigation, I16-ICE-BLX-15750.

Concerning the source of information contained in these reports and email, the government asserts that it does not have any information beyond what is contained in the reports and email.  The government also argues that production of this information is unnecessary because it has identified all of the individuals having first-hand knowledge of the events of July 20, 2016 and Plaintiff has deposed these witnesses.

Federal Rule of Civil Procedure 26(b)(1) provides that:

> Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweights it likely benefits.

This Rule also specifies that "[i]nformation within this scope of discovery need not be admissible in evidence to be discoverable." *Id*.  The discovery rules are accorded a broad and liberal treatment to achieve their purpose of adequately informing litigants in civil trials. *Herbert v. Lando*, 441 U.S. 153, 177 (1979).  At some point, however, discovery yields diminishing returns,

needlessly increases expenses, and delays the resolution of the parties' dispute. Finding a just and appropriate balance in the discovery process is one of the key responsibilities of the Court, and "[i]t is well established that the scope of discovery is within the sound discretion of the trial court." *Freeman v. United States*, 566 F.3d 326, 341 (5th Cir. 2009).

The Court finds that Plaintiff's requests seek information relevant to the claims in this action. As Plaintiff points out, discovery is not limited to depositions of individuals at the scene of an incident. Plaintiff may seek information to test the credibility of witnesses and the accuracy of their recollections. Surely, the authors of the subject documents did not create the information contained therein out of whole cloth, but gathered information about the events that transpired prior to and during the subject shooting. The source of that information is relevant to the claims and defenses in this case.

Additionally, the government should not be allowed to simply state it does not have this information. These documents were created by government agents. The government must inquire as to the sources of the information contained in the documents.[1] The government is directed to provide complete answers to Interrogatories Nos. 2, 3, 10, and 12.

*Operation*

Plaintiff also inquired about the operation which brought Defendant Causey and the other ICE agents to Laurel, Mississippi, making them available to assist the local police on the night in question.

> **Interrogatory No. 7:** What particular surveillance and immigration enforcement operations in Laurel, Mississippi were the five ERO officers completing when the telephone request for assistance from a Laurel Police Officer was received on July 20, 2016.

---

[1] The Court notes that pursuant to Fed. R. Civ. P. 33(b)(1)(2), an interrogatory must be answered by any officer or agent who must furnish the information available to the party, if that party is a public or private corporation, a partnership, an association or a governmental agency.

The government argues that this interrogatory seeks information that is protected by the law enforcement privilege, as providing particulars about a law enforcement operation would reveal law enforcement techniques and could place officers in danger or hinder future investigations.  The government also argues that the sought-after information is not relevant to the claims and defenses in this case.  According to the government, knowing what the ICE officers were doing earlier in the day has no bearing on why the ICE officers were at the scene at the time of the shooting.

Plaintiff counters that this information is important because he claims the reason given for ICE agents' presence at the scene—assisting with Spanish translation—was pretextual. Plaintiff claims that agents were there as a result of racial profiling, which may have been a pattern that day.  Additionally, Plaintiff asserts that he is not seeking the particulars of the operations, merely asking that the government identify the operations referenced in the reports.

The Court finds that Plaintiff's request seeks information relevant to the claims.  As for the law enforcement privilege, the government does not assert that the operations are ongoing or argue that revealing the identity of the operations, without identifying any techniques or procedures, would hinder future investigations or place agents in danger.  The privilege should not prevent the government from providing a basic description of the operations, which includes the types of operations and (if the information can be revealed without compromising an ongoing investigation) the targets of the operations.

*Authority*

The final group of interrogatories concern the authority for the actions of Defendant Causey and the other ICE officers on the night in question.

> **Interrogatory No. 13:**  Please provide the jurisdiction and authority for ERO officers to chase, arrest or detain individuals suspected of violating local traffic

laws. Please include references to all federal statutes, regulations, written policies, memorandum, or other written instructions by any department, section, or office of ICE, ERO, or the Department of Homeland Security, including the Department of Public Affairs, the Office of Professional Responsibility, or the Office of Inspector General.

**Interrogatory No. 14:** Please provide the jurisdiction and authority for ERO officers to chase, seize, command, and or point deadly weapons at individuals suspected of violating local traffic laws. Please include references to all federal statutes, regulations, written policies, memorandum, or other written instructions by any department, section, or office of ICE, ERO, or the Department of Homeland Security, including the Department of Public Affairs, Office of Professional Responsibility, and the Office of Inspector General.

**Interrogatory No. 15:** Please state the policy or procedure of ICE or ERO officers that in any way relates to the use of deadly weapons or the firing of deadly weapons at individuals fleeing a suspected local traffic violation, including reference to all regulations, written policies, memorandum, or other written instructions by any department, section, or office of ICE, ERO, or the Department of Homeland Security, including the Department of Public Affairs, Office of Professional Responsibility, and the Office of Inspector General.

The government objects to these interrogatories on the basis that they are framed under the premise Causey interacted with Plaintiff because of a traffic stop. According to the government, Causey did not engage, chase, or shoot Plaintiff because of a traffic stop.

Plaintiff argues that the interrogatories ask what jurisdiction or authority Defendants had to intervene in any local minor traffic stop. According to Plaintiff, Defendants must identify any jurisdiction or authority that covers or applies to the conduct of the ICE agents in this matter. As the government points out, however, Plaintiff did not ask generally what authority the ICE officers had to act under the circumstances as existed on that night. Plaintiff now seeks information he did not request in the interrogatories, and the Court will not compel the government to provide such information in that manner. Thus, the Court will deny the Motion to Compel as to Interrogatories Nos. 13 and 14.

In Interrogatory No. 15, however, Plaintiff seeks "the policy or procedure of ICE or ERO officers that in any way relates to the use of deadly weapons or the firing of deadly weapons at individuals fleeing a suspected local traffic violation . . . ." The Court finds that it is not necessary for the government to accept the premise that Causey interacted with Plaintiff because of a traffic stop before answering this interrogatory. The government shall state (or provide copies of) the policies or procedures that in any way relate to the use of deadly weapons under the circumstances as existed on the night in question. Thus, the Court will grant the Motion to Compel as to Interrogatory No. 15 in part as set forth herein.[2]

IT IS, THEREFORE, ORDERED that:

1. Plaintiff's Motion to Compel [56] is GRANTED in part and DENIED in part.

2. On or before September 18, 2020, the government shall provide answers to Plaintiff's interrogatories as set forth herein.

SO ORDERED this the 9th day of September, 2020.

                                s/Michael T. Parker
                                UNITED STATES MAGISTRATE JUDGE

---

[2] In his Motion, Plaintiff also argues that the government waived all of it objections because it failed to timely respond to the interrogatories. In response, the government argues that Plaintiff acquiesced to the delay. The Court need not address this issue because the Court granted the Motion to Compel as to Interrogatories Nos. 2, 3, 7, 10, 12 and 15, and would deny the Motion as to Interrogatories 13 and 14 even if the government waived its objection as Plaintiff now seeks information he did not request in the interrogatories.