IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
EASTERN DIVISION

GABINO RAMOS HERNANDEZ                                              PLAINTIFF

v.                                                CIVIL ACTION NO. 2:17-cv-123-TBM-MTP

PHILLIP CAUSEY *and* THE
UNITED STATES OF AMERICA                                          DEFENDANTS

**ORDER DENYING MOTION FOR RECONSIDERATION
WITHOUT PREJUDICE**

On June 18, 2021, Defendant Phillip Causey filed a Motion for Reconsideration [102] of the

Court's Memorandum Opinion and Order [89] denying his Motion for Summary Judgment. In its

Memorandum Opinion and Order, the Court found that Hernandez' *Bivens* claim against Causey

is the kind of Fourth Amendment search-and-seizure case that courts have adjudicated through

*Bivens* actions. After determining that Hernandez' *Bivens* claim did not present a "new context,"

the Court found a genuine issue of material fact as to where Hernandez' hands were positioned at

the time of the shooting and denied Causey's Motion for Summary Judgment on the basis of

qualified immunity. Causey subsequently filed a Motion for Reconsideration asking this Court to

dismiss Plaintiff's *Bivens* claim against Causey pursuant to a recent Fifth Circuit decision: *Byrd v.

Lamb*, 990 F.3d 879 (5th Cir. 2021). In his Motion, Causey asserts that in *Byrd*, the Fifth Circuit

clarified that a *Bivens* action could not lie in an excessive force claim that presented a new context

from the only Fourth Amendment claim that has been approved by the Supreme Court.

Since the hearing on this matter on August 12, 2021, the United States Supreme Court

granted a petition for writ of certiorari in *Egbert v. Boule*, 142 S. Ct. 457 (2021), a Ninth Circuit case

finding a Fourth Amendment *Bivens* action against a Border Patrol agent. The Court certified two

questions on appeal, including whether a cause of action exists under *Bivens* for claims against federal officers engaged in immigration-related functions for allegedly violating a plaintiff's Fourth Amendment rights. The Supreme Court granted the petition for writ of certiorari on November 5, 2021, and oral argument is set for March 2, 2022.

With the question presented in Causey's Motion for Reconsideration being so closely aligned with the issue before the Supreme Court, and with the Court's broad discretion to grant or deny a motion for reconsideration, the Court believes that it would be a waste of judicial resources to address Causey's Motion before the Supreme Court's ruling in *Egbert v. Boule*. Causey's Motion for Reconsideration is therefore denied without prejudice. Causey may reurge his Motion, if so desired, following the conclusion of the appeal in *Egbert v. Boule*.

IT IS THEREFORE ORDERED AND ADJUDGED that Causey's Motion for Reconsideration [102] is DENIED WITHOUT PREJUDICE.

This, the 7th day of January, 2022.

                                            _____

                                            TAYLOR B. McNEEL

                                            UNITED STATES DISTRICT JUDGE