UNITED STATES DISTRICT COURT
IN AND FOR
THE SOUTHERN DISTRICT OF MISSISSIPPI
EASTERN DIVISION

GAMBINO RAMOS HERNANDEZ                    Civil Action No. 12:17 cv 123  TBM-MTP
            Plaintiff

      Vs.
PHILLIP CAUSEY, AND JOHN DOE, AN UNKNOWN
IMMIGRATION AND CUSTOMS ENFORCEMENT OFFICER,
THE UNITED STATES OF AMERICA,
THE DEPARTMENT OF HOMELAND SECURITY,
AND THE BUREAU OF CUSTOMS AND IMMIGRATION ENFORCEMENT
            Defendants

PLAINTIFF'S MOTION TO DECLARE NO REASON TO DELAY APPEAL OF COURT'S ORDERS
DISMISSING ALL CLAIMS AGAINST PHILLIP CAUSEY

Now Comes Plaintiff, Gambino Ramos Hernandez, who herewith moves this Court to declare that there is no just reason to delay the appeal of this Court's Order Dismissing All Plaintiff's Remaining Causes of Action against Phillip Causey under 42 U.S. C. 1983, document no. 149, issued on February 14, 2024, and this Court's Order dismissing Plaintiff's claims against Phillip Causey under *Bivens v Six Unknown Named Agents of the Fed. Bureau of Narcotics*, 403 U.S. 388, 91 S. Ct. 1999, 29 L.Ed.2d 619 (1971), document no. 136, issued September 29, 2022, for the following reasons.

1.

The Court's orders have now dismissed all causes of action alleged by Plaintiff against Defendant, Phillip Causey, the basis for such dismissals being issues of law that are totally separate and distinct from any issues of law involving Plaintiff's claims under the Federal Tort Claims Act (FTCA) against the United States.

2.

Plaintiff filed a Notice of Appeal on February 15, 2024, but which, may be premature under Rule 54 (b) of the Federal Rules of Civil in that it requires this Court to declare that there was no just reason to delay an appeal of those orders, although "most Circuits have ruled that the belated determination will 'ripen' an otherwise improper appeal, so long as the determination issues prior to the date the court of appeals considers the appeal". *Federal Civil Rules Handbook*, Hacker-McKee, Jannsen, Corr, 2009. p. 1044.

3.

The issues of law in this Court's Orders concern fundamental questions of what rights an individual may have against federal officers who have used deadly force in violation of the individual's constitutional rights, and are issues that are ripe for determination by the Court of Appeals.

4.

An appeal of this Court's orders will not cause undue delay, in that the matter is presently stayed due to Causey's active duty deployment that is presently scheduled to end on November 3, 2024. Document No. 148. However, under the Service Members Civil Relief Act, the case must be stayed until 90 days after the service members return, which in this case would be February 3, 2025, unless, of course, the Defendant's orders are extended again which would push a trial date back further.

5.

Plaintiff submits that the issues of law involved in his causes of action against Defendant are not frivolous, and as to which there are substantial grounds for difference of opinion that merit

a clear determination by the Court of Appeals for Plaintiff's case, as well as others who may become similarly situated due to any alleged use of excessive force by a federal officer.

6.

Requiring Plaintiff to wait to appeal this matter until such time as his claim against the United States under the Federal Tort Claim Act is determined will effectively deprive him from having these specific issues of law ever resolved, as under 28 U.S.C. § 2676, obtaining an FTCA any judgment, pro or con, in a suit against the United States based on a given incident may result in the loss of all claims arising from that incident against the United States' employee whose act or omission gave rise to the claim. *Rodriguez v. Handy,* 873 F.2d 814,816 (5th Cir. 1989).

Wherefore, Plaintiff prays that this Court declare that there is no just reason to delay the appeal of its Order dismissing Plaintiff's claims against Causey under 42 U.S.C. 1983, document no. 149, and likewise to declare that there is no just reason to delay the appeal of this Court's Order dismissing Plaintiff's claims under Bivens, *supra,* document no. 136.

Respectfully submitted

 s/Timothy W. Cerniglia
Timothy W. Cerniglia (La. Bar # 03964)
4913 Newlands Street
Metairie, Louisiana 70006
Telephone 504-231-8158
email:tcerniglia@cerniglialaw.pro
*Admitted Pro Hac Vice*

Arthur D. Carlisle (MS Bar#5867)
425 Porter Avenue
Ocean Springs, MS 39564
Office: 228-872-5568
Facsimile: 228-872-7006
email: adclaw78@gmail.com
*Resident Attorney*

3

Certificate of Service

I hereby certify that on February 21, 2024, I electronically filed the foregoing with the Clerk of the Court using the ECF system which sent notification of such filing to Ms. Angela Williams, Esq. and and Ms. Lauren Dick, Esq.

                                                s/Timothy W. Cerniglia