IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
EASTERN DIVISION

**GABINO RAMOS HERNANDEZ**                                                                 **PLAINTIFF**

**v.**                                                       **CIVIL ACTION NO. 2:17-cv-123-TBM-MTP**

**PHILLIP CAUSEY** *and* **THE
UNITED STATES OF AMERICA**                                                          **DEFENDANTS**

### ORDER GRANTING PLAINTIFF'S MOTION FOR CERTIFICATE OF APPEALABILITY UNDER RULE 54(b)

On July 16, 2016, Immigration and Customs Enforcement (ICE) agents received a call from a Laurel Police Department officer requesting assistance with translation services. The request was made in reference to a traffic stop for routine traffic violations involving two Hispanic males: Gabino Hernandez and his brother. Once the ICE van arrived on the scene, Hernandez ran away. Two ICE agents, including Phillip Causey, then chased Hernandez. Eventually, Hernandez stopped running and, according to him, raised his hands before being shot by Causey, though this is heavily disputed by Causey.

Now before the Court is Hernandez's Motion [152] for Certificate of Appealability pursuant to Rule 54(b) of the Federal Rules of Civil Procedure. Hernandez argues that there is no just reason to delay his appeal of two rulings: (1) the September 29, 2022 Order [136] dismissing his claim against Causey under *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388, 91 S. Ct. 1999, 29 L. Ed. 2d 619 (1971), and (2) the February 14, 2024 Order [149] dismissing all of his remaining claims against Causey under 42 U.S.C. Section 1983. [152], p. 1.

Before granting a Rule 54(b) motion, a court must determine that the rulings at issue are final judgments and that there is no just reason to delay the appeal of the rulings. *Curtiss-Wright*

1

*Corp. v. General Elec. Co.*, 446 U.S. 1, 7, 100 S. Ct. 1460, 64 L. Ed. 2d 1 (1980). The finality of these rulings is not at issue as the defendants have conceded that they are final judgments.[1] And, based on several relevant factors, this Court finds that there is no just reason for delay. More specifically, if Hernandez does not receive the immediate appeal he requests under Rule 54(b), there is a significant risk that his appeal of these rulings would be barred in the future. This risk—along with the other reasons set forth in this opinion—outweighs any of the judicial administrative interests that courts must consider in order to "preserve[] the historic federal policy against piecemeal appeals.'" *Curtiss-Wright*, 446 U.S. at 8. Accordingly, Hernandez's Motion [152] for Certificate of Appealability pursuant to Rule 54(b) is granted.

## I. PROCEDURAL HISTORY

Hernandez filed the original Complaint [1] in this action on July 20, 2017.[2] In the original Complaint, Hernandez brought claims against Causey under *Bivens* and Section 1983, alleging that Causey violated his constitutional rights to be free from an unreasonable seizure and from excessive use of deadly force. [1], pp. 4-6. In subsequent amendments to his Complaint, Hernandez added various claims against Causey pursuant to Mississippi state law[3] and against the United States of America pursuant to the Federal Tort Claims Act (FTCA). [5], p. 9; [20], pp. 3-8; [106], p. 2. For the FTCA claims, he asserted claims for (1) wrongful use of deadly force, (2) wrongful assault and

---

[1] The defendants made this concession at the March 8, 2024 hearing on this Motion.

[2] This case has been stayed at various times pursuant to the Servicemembers Civil Relief Act, 50 U.S.C. Section 3932, due to Causey's active-duty military service. Each of the stay requests granted were based on motions filed by Causey, and almost all of these requests have been unopposed by Hernandez. [29]; [31]; [107]; [148]. Now that all claims against Causey have been dismissed, the Magistrate Judge has entered an Order [159] lifting the stay and setting the dates for various deadlines, including the bench trial on Hernandez's remaining FTCA claims. [160].

[3] Hernandez later "conceded that all state law claims should be dismissed." [142], p. 1. An order was entered dismissing those claims. *Id.* at pp. 1-2.

2

battery, (3) negligent training and supervision, and (4) tortious supervision and training. [20], pp. 3-8; [106], p. 2.

After the parties engaged in significant discovery, Causey filed a Motion [68] for summary judgment seeking to dismiss the *Bivens* claim based on qualified immunity. In its Order [89], this Court noted that it had to "first address 'the *Bivens* question' because the Supreme Court has held that it is 'antecedent' to the question of qualified immunity." [89], p. 12 (citing *Hernandez v. Mesa (Hernandez I)*, 582 U.S. 548, 553, 137 S. Ct. 2003, 198 L. Ed. 2d 625 (2017)). But "Causey provided no analysis on the *Bivens* question and made no objection as to whether Hernandez could bring suit under the *Bivens* framework for a Fourth Amendment excessive force claim." *Id.* at p. 13. Nevertheless, this Court addressed the *Bivens* question *sua sponte* and found that Hernandez's *Bivens* claim did not present a "new context" and was "the kind of Fourth Amendment search-and-seizure case that courts have long adjudicated through *Bivens* actions." *Id.* at p. 13. Finding the *Bivens* question satisfied, this Court moved to the qualified immunity analysis and found a genuine issue of material fact as to where Hernandez's hands were positioned at the time of the shooting. *Id.* at p. 20. Therefore, Causey's Motion for summary judgment was denied. *Id.* p. 24.

Following the United States Supreme Court's decision in *Egbert v. Boule*, 596 U.S. 482, 142 S. Ct. 1793, 213 L. Ed. 2d 54 (2022), Causey filed a Motion [129] for Reconsideration. Causey argued that in light of the *Egbert* decision and established Fifth Circuit precedent, he was entitled to judgment as a matter of law on Hernandez's *Bivens* claim. [129], p. 1. And, after further consideration, this Court found that "in light of the Supreme Court's opinion in *Egbert v. Boule*, it is clear that *Bivens* claims are even more narrow and limited than this Court found in its prior Opinion." [136], p. 23. Further, "Hernandez's Fourth Amendment claim does present a 'new

context' and . . . special factors counsel hesitation in extending *Bivens*." *Id.* at pp. 23-24. Therefore, in a September 29, 2022 Order [136], Causey's Motion [129] for Reconsideration was granted, and the *Bivens* claim was dismissed. *Id.* at p. 24. This Order [136] is the first ruling that Hernandez seeks to appeal under Rule 54(b). [152], p. 1.

Causey then filed a Motion [138] to dismiss all remaining claims against him, which was granted in part and denied in part in a July 13, 2023 Order [142]. According to the Order, "to the extent Hernandez has alleged a Section 1983 claim against Causey based on his actions as a federal agent acting under color of federal law, such a claim must be dismissed." [142], p. 1 (citing *Cantú v. Moody*, 933 F.3d 414, 419 (5th Cir. 2019); *Rodriguez v. Handy*, 873 F.2d 814, 817 n.3 (5th Cir. 1989)). Additionally, Hernandez was given the opportunity to amend his Section 1983 claim based on Causey's actions as a federal agent acting under color of state law. *Id.* at pp. 1-2.

Hernandez then filed a Motion [143] for leave to file a fourth amended complaint against Causey under Section 1983. He alleged, pursuant to Section 1983, that Causey violated his constitutional rights by conducting an unreasonable seizure and by using excessive force under color of state law. [143-1], p. 8.

On Hernandez's proposed Section 1983 unreasonable seizure claim, this Court found that Hernandez's amendment would be futile because he failed to specifically plead the claim, and, in the alternative, he failed to establish that the traffic stop was pretextual. [149], p. 16.

On Hernandez's proposed Section 1983 excessive force claim, he sufficiently alleged a deprivation of his Fourth Amendment right to be free from excessive force. *Id.* at p. 18. But he did not establish that Causey acted under color of state law as is required for Section 1983 liability. *Id.* at p. 27. More specifically, Hernandez incorrectly relied on the "joint action test[,]" which applies

to private actors and not federal officials, to show that Causey acted under color of state law. *Id.* at p. 20.

Instead, the controlling standard for a Section 1983 claim against a federal official acting under color of state law is the conspiracy test.[4] *Id.* at p. 23. "[T]o establish a Section 1983 conspiracy claim, a plaintiff must allege facts that indicate (1) 'an *agreement* between the . . . defendants to commit an illegal act' and (2) 'an actual deprivation of constitutional rights.'" *Id.* at p. 24 (quoting *Terwilliger v. Reyna*, 4 F.4th 270, 285 (5th Cir. 2021)). And, because Hernandez failed to allege any facts showing that Causey came to an agreement or meeting of the minds with the Laurel Police Department officers to commit an illegal act against Hernandez, his amendment of this claim would also be futile. *Id.* at p. 27. Therefore, in a February 14, 2024 Order [149], Hernandez's Motion [143] for leave to file a fourth amended complaint was denied, and any remaining 42 U.S.C. Section 1983 claims against Causey were dismissed. *Id.* at p. 27. This Order [149] is the second ruling that Hernandez seeks to appeal under Rule 54(b). [152], p. 1.

Hernandez's remaining claims in this case are two separate causes of action against the United States pursuant to the Federal Tort Claims Act, 28 U.S.C. Section 1346(b), for (1) use of deadly force and (2) wrongful assault and battery. [20], pp. 3-5. Hernandez's negligent training and supervision FTCA claim was dismissed in a May 4, 2021 Order [89], and his tortious supervision and training FTCA claim was dismissed in a September 29, 2022 Order [136].

## II. Analysis

---

[4] Even if the "joint action test" applied to federal officials, Hernandez would still be required to show that Causey came to an agreement with the state officials. [149], p. 25. And, because Hernandez failed to "allege any *facts* that Causey came to an agreement or meeting of the minds with Laurel police officers to seize Hernandez—much less to shoot him[—]" his amendment would be futile even under the "joint action test." *Id.*

"Federal Rule of Civil Procedure 54(b) allows a district court dealing with multiple claims or multiple parties to direct the entry of final judgment as to fewer than all of the claims or parties; to do so, the court must make an express determination that there is no just reason for delay." *Curtiss-Wright*, 446 U.S. at 3.

"[I]n *Sears, Roebuck & Co. v. Mackey*, 351 U.S. 427, 76 S. Ct. 895, 100 L. Ed. 1297 (1956), [the United States Supreme Court] outlined the steps to be followed in making determinations under Rule 54(b)." *Id.* at 7. First, the district court "must [. . .] determine that it is dealing with a 'final judgment.'" *Id.* at 7. "It must be a 'judgment' in the sense that it is a decision upon a cognizable claim for relief, and it must be 'final' in the sense that it is 'an ultimate disposition of an individual claim entered in the course of a multiple claims action.'" *Curtiss-Wright*, 446 U.S. at 7 (quoting *Sears*, 351 U.S. at 436).

"Once having found finality, the district court must go on to determine whether there is any just reason for delay." *Id.* at 8. "[I]n deciding whether there are no just reasons to delay the appeal of individual final judgments [. . .], [the] district court must take into account judicial administrative interests as well as the equities involved." *Id.* at 8. "Consideration of the [judicial administrative interests] is necessary to assure that application of the Rule effectively 'preserves the historic federal policy against piecemeal appeals.'" *Id.* at 8 (quoting *Sears*, 351 U.S. at 438).

"It [is] therefore proper for the District Judge [. . .] to consider such factors as whether the claims under review [are] separable from the others remaining to be adjudicated and whether the nature of the claims already determined [is] such that no appellate court would have to decide the same issues more than once even if there were subsequent appeals." *Id.* at 8. "A district court should grant certification only when there exists some danger of hardship or injustice through delay

6

which would be alleviated by immediate appeal; it should not be entered routinely as a courtesy to counsel." *PYCA Indus., Inc. v. Harrison Cnty. Waste Water Mgmt. Dist.*, 81 F.3d 1412, 1421 (5th Cir. 1996).

### A. Finality

"To enter a Rule 54(b) final judgment, the district court must have disposed of "one or more . . . claims or parties." *Eldredge v. Martin Marietta Corp.*, 207 F.3d 737, 740 (5th Cir. 2000) (quoting Fed. R. Civ. P. 54(b)). Hernandez argues that this Court's "orders have now dismissed all causes of action alleged by [Hernandez] against Defendant, Phillip Causey . . . ." [152], p. 1. Defendants agreed with this argument at a March 8, 2024 hearing on this Motion and conceded that this prong of the Rule 54(b) analysis was satisfied.

In his second amended Complaint [5], Hernandez asserted three causes of action against Causey: (1) a cause of action pursuant to *Bivens*, (2) a cause of action pursuant to 42 U.S.C. Section 1983, and (3) a cause of action pursuant to Mississippi state law. Hernandez's *Bivens* claim against Causey was dismissed in the September 29, 2022 Order. [136], p. 24. Meanwhile, his Mississippi state law claims and his Section 1983 claim asserting that Causey violated his constitutional rights under color of federal law were dismissed in the July 13, 2023 Order. [142], p. 1. And, finally, all of Hernandez's remaining Section 1983 claims were dismissed in the February 14, 2024 Order. [149], p. 27. Therefore, all of Hernandez's causes of actions against Causey have been dismissed, and this Court is dealing with a "final judgment" on both rulings. *Eldredge*, 207 F.3d at 740 (finding that "[b]ecause the district court dismissed with prejudice all claims against [a party]," the order granting the dismissal of that party was properly on appeal under Rule 54(b)).

### B. No Just Reason for Delay

7

"Although Rule 54(b) requests should not be granted routinely, '[i]t is left to the sound judicial discretion of the district court to determine the appropriate time when each final decision in a multiple claims action is ready for appeal.'" *Brown v. Miss. Valley State Univ.*, 311 F.3d 328, 332 (5th Cir. 2002) (alteration in original) (internal quotation marks omitted) (quoting *Curtiss-Wright*, 446 U.S. at 8). "In making this decision, the district court must consider 'judicial administrative interests as well as the equities involved.'" *Id.* (quoting *Curtiss-Wright*, 446 U.S. at 8). "So long as the district court's certification is not 'clearly unreasonable,' it will not be disturbed." *Id.* (quoting *Curtiss-Wright*, 446 U.S. at 10).

In considering the judicial administrative interests, courts must "tak[e] into account such factors as 'whether the claims under review [are] separable from others remaining to be adjudicated and whether the nature of the claims to be determined [is] such that no appellate court would have to decide the same issues more than once even if there were subsequent appeals.'" *H & W Indus., Inc. v. Formosa Plastics Corp., USA*, 860 F.2d 172, 175 (5th Cir. 1988) (quoting *Curtiss-Wright*, 446 U.S. at 8). In response to Hernandez's Rule 54(b) Motion, the defendants argue that "Hernandez's claims against Officer Causey and his FTCA claims share an identical factual basis" and, therefore, Rule 54(b) certification is not appropriate. [157], p. 3. And, while this Court agrees that Hernandez's claims against Causey and his FTCA claims share a factual basis, "the Supreme Court and [the Fifth Circuit] have long recognized that claims arising out of the same transaction or sharing certain factual elements may be appealed separately under Rule 54(b)" *H & W Indus.*, 860 F.2d at 175 (citing *Sears*, 351 U.S. at 436 n.9; *Cold Metal Process Co. v. United Eng'g & Foundry Co.*, 351 U.S. 445, 452, 76 S. Ct. 904, 100 L. Ed. 1311 (1956); *Piney Woods Country Life Sch. v. Shell Oil Co.*, 726 F.2d 225, 230 (5th Cir. 1984)).

Moreover, the legal issues involved in the claims against Causey are distinct from those in the claims remaining in this case against the United States. The claims against Causey which Hernandez seeks to appeal are his *Bivens* claim and his 42 U.S.C. Section 1983 claims. Regarding Hernandez's *Bivens* claim, this Court was required, in compliance with *Egbert*, to analyze whether the claim (1) presented "a new *Bivens* context" and (2) if so, whether "there are 'special factors' indicating that the Judiciary is at least arguably less equipped than Congress to 'weigh the costs and benefits of allowing a damages action to proceed.'" *Egbert*, 596 U.S. at 492 (quoting *Ziglar v. Abbasi*, 582 U.S. 120, 136, 137 S. Ct. 1843, 198 L. Ed. 2d 290 (2017)). Hernandez's Section 1983 claims involved determining the proper standard for holding a federal official liable for a claim under color of state law and applying that standard to the facts in this case. Meanwhile, Hernandez's FTCA claims have involved looking at the United States' sovereign immunity and the discretionary function exception. And, while violations of federal constitutional rights serve as the basis of Hernandez's claims against Causey under *Bivens* and Section 1983, such violations "are not within the scope of the FTCA." *Sanchez v. Rowe*, 870 F.2d 291, 295 (5th Cir. 1989). Finally, the remaining FTCA claims appear to revolve around whether Causey committed an intentional battery or assault.

Further, there would be "some danger of hardship or injustice" to Hernandez if his appeal was delayed. *PYCA*, 81 F.3d at 1421. As Hernandez argues in his Motion [152], "a judgment under the FTCA bars a plaintiff from also recovering against the government employee whose actions gave rise to the claim" *Sanchez v. Rowe*, 870 F.2d 291, 292 (5th Cir. 1989) (citing 28 U.S.C. § 2676). "Under the judgment bar provision, once a plaintiff receives a judgment (favorable or not) in an FTCA suit, he generally cannot proceed with a suit against an individual employee based on the

9

same underlying facts." *Simmons v. Himmelreich*, 578 U.S. 621, 625, 136 S. Ct. 1843, 195 L. Ed. 2d 106 (2016). As such, should this Court render a judgment on Hernandez's FTCA claims, he may be barred from appealing the prior rulings on his claims against Causey. And, while the Defendants argue that a ruling on Causey's FTCA claims would bar his claims against Causey regardless of whether or not he is able to receive immediate appellate review, Causey would potentially be robbed of the opportunity to choose which cause of action to pursue and receive a judgment for.[5] *See Sanchez*, 870 F.2d at 292.

After considering the judicial administrative interests as well as the equities involved, this Court finds that there is no just reason to delay the appeal of Hernandez's claims against Causey under *Bivens* and 28 U.S.C. Section 1983. The Defendants have not argued how they would be prejudiced if Hernandez's Rule 54(b) Motion were to be granted. Meanwhile, Hernandez has shown that he is at risk of hardship or injustice in the absence of an immediate appeal.

And, while this case has been stayed at various times for Causey's active-duty deployment, that stay has been lifted based on the dismissal of all claims against Causey. [159], p. 1. Discovery and disclosure and other trial preparation for Hernandez's FTCA claims against the United States will continue regardless of whether Hernandez's Rule 54(b) Motion is granted.[6] Moreover, both

---

[5] At the hearing on this Motion, Hernandez's counsel noted that there would be certain limits on Hernandez's damages for an FTCA claim that would not be applicable to his claims against Causey. Under his FTCA claims, Hernandez would not be entitled to recover "for interest prior to judgment or for punitive damages." 28 U.S.C. § 2674. Meanwhile, the United States Supreme Court has "indicate[d] that punitive damages may be awarded in a *Bivens* suit." *Carlson v. Green*, 446 U.S. 14, 22, 100 S. Ct. 1468, 64 L. Ed. 2d 15 (1980). Punitive damages may also be awarded in a Section 1983 case. *Smith v. Wade*, 461 U.S. 30, 56, 103 S. Ct. 1625, 75 L. Ed. 2d 632 (1983); *Hale v. Fish*, 899 F.2d 390, 404 (5th Cir. 1990). Additionally, prejudgment interest is available in a Section 1983 case. *Hale*, 899 F.2d at 404. There could also be other damage limits applicable to an FTCA claim that are not applicable to a *Bivens* or Section 1983 claim.

[6] The parties agree that Hernandez's FTCA claims should not be stayed pending appeal of his claims against Causey. A case is not automatically stayed when claims are on appeal pursuant to Rule 54(b). *See David v. Signal Intern., LLC*, 2015 WL 1281018 (E.D. La. Mar. 20, 2015).

parties indicate that they wish to have Causey present live testimony during the trial on Hernandez's FTCA claims. So there is the potential that a future military deployment from Causey could further delay the trial of this case.[7] Therefore, granting Hernandez's Motion would not delay the ultimate resolution of the other claims in this case.

Accordingly, this Court finds that its Order [136] dismissing Hernandez's claim against Causey under *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics* is a final judgment within the meaning of Rule 54(b) and that its Order [149] dismissing all of Hernandez's remaining claims against Causey under 42 U.S.C. Section 1983 is a final judgment within the meaning of Rule 54(b). Further, after considering the relevant interests, there is no just reason to delay Hernandez's appeal of these rulings.

For all these reasons, Hernandez's Motion [152] for Certificate of Appealability pursuant to Rule 54(b) of the Federal Rules of Civil Procedure is GRANTED.

**SO ORDERED AND ADJUDGED**, this the 12th day of March, 2024.

                                                                                                  _____
                                                                                                  **TAYLOR B. McNEEL**
                                                                                                  **UNITED STATES DISTRICT JUDGE**

---

[7] The bench trial for Hernandez's remaining FTCA claims is set for the four-week term beginning January 6, 2025. [160]. Causey is the United States' primary witness on the FTCA claims, but he is currently on military deployment through November 3, 2024, and could potentially be deployed again after the November 3rd date. [147], p. 4.